UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-727-RJC

| ROBERT MCBRIDE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| WADESBORO POLICE | ) |  |
| DEPARTMENT, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2), 1915A.

**I.    BACKGROUND**

Pro se Plaintiff Robert McBride, a North Carolina state court inmate currently incarcerated at Hoke Correctional Institution, filed this action on November 2, 2012, after having been convicted in Anson County of being a habitual felon.   Plaintiff names the following as Defendants: the Wadesboro Police Department; FNU Zeus, Wadesboro Police Department Chief of Police; Lieutenant B.H. Chewning, Chief of Detectives, Wadesboro Police Department; FNU Lucky, Detective, Wadesboro Police Department; and FNU McClendon, Sergeant, Wadesboro Police Department.  Plaintiff alleges that, on some unspecified date, police officers entered a motel room that Plaintiff was in and subsequently used excessive force against Plaintiff during an arrest by severely beating him and tazing him, resulting in a broken neck and severe nerve damage requiring an operation for severe spinal injuries. (Id. at 4; 5-6).   Plaintiff seeks

1

compensatory and punitive damages, as well as early release from prison. (Id. at 8).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990)

## III. DISCUSSION

As noted, Plaintiff contends that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force against him. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a

subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 1178-79 (citations omitted).

The Court first finds that to the extent that the Wadesboro Police Department has been named as a Defendant, it will be dismissed because it is not a legal entity capable of being sued. As to the remaining Defendants, although Plaintiff's allegations sufficiently allege excessive force, he fails to name which of the individual Defendants participated in the alleged excessive

3

force. Normally, this action would be subject to dismissal with prejudice because Plaintiff has not alleged personal participation by any of the named Defendants. The Court will, however, grant Plaintiff twenty (20) days in which to submit a statement to the Court identifying the individual Defendants who allegedly used excessive force against Plaintiff in his motel room.[1]

## IV. CONCLUSION

Plaintiff shall have twenty (20) days from service of this Order in which to submit to the Court a statement identifying which of the named Defendant officers personally participated in the alleged excessive force incident.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have twenty (20) days from service of this Order in which to submit to the Court a statement identifying which of the named Defendant officers personally participated in the alleged excessive force incident.

2. Plaintiff's failure to comply with this Order will result in the dismissal of this action with prejudice for failure to state a claim and **without further notice**.

---

[1] Plaintiff alleges that he was charged on February 4, 2011, with felony possession of cocaine, possession with intent to sell or deliver cocaine, resisting a public officer, possession of drug paraphernalia, and possession of marijuana. Thus, it appears that the alleged excessive force occurred on or around February 2011. Since Plaintiff appears to be facing a statute of limitations bar if the Court dismisses the action at this time, the Court will allow him to correct his Complaint to name the specific Defendants who allegedly participated in the excessive force.

Signed: September 8, 2014

Robert J. Conrad, Jr.
United States District Judge