**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-727-RJC**

| | |
|---|---|
| **ROBERT MCBRIDE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| **WADESBORO POLICE** ) | |
| **DEPARTMENT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2), 1915A.

**I.    BACKGROUND**

Pro se Plaintiff Robert McBride, a North Carolina state court inmate currently incarcerated at Hoke Correctional Institution, filed this action on November 2, 2012, after having been convicted in Anson County of being a habitual felon. Plaintiff names the following as Defendants: the Wadesboro Police Department; FNU Zeus, Chief of Police, Wadesboro Police Department; Lieutenant B.H. Chewning, Chief of Detectives, Wadesboro Police Department; FNU Lucky, Detective, Wadesboro Police Department; and FNU McClendon, Sergeant, Wadesboro Police Department. Plaintiff alleges that, on some unspecified date, police officers entered a motel room that Plaintiff was in and subsequently used excessive force against Plaintiff during an arrest by severely beating him and tazing him, resulting in a broken neck and severe nerve damage requiring an operation for severe spinal injuries. (Id. at 4; 5-6). Plaintiff seeks

1

compensatory and punitive damages, as well as early release from prison. (Id. at 8).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990)

## III. DISCUSSION

As noted, Plaintiff contends that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force against him. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a

subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

The Court first finds that, to the extent that the Wadesboro Police Department has been named as a Defendant, it will be dismissed because it is not a legal entity capable of being sued. As to the remaining Defendants,[1] Plaintiff alleges that Defendant Zeus, the Wadesboro Police Department Chief at all relevant times, was present and in charge of the scene when the excessive force occurred, and that he did nothing to control or stop it. (Doc. No. 8 at 2). Plaintiff alleges that Defendant Chewning, Wadesboro Police Department Chief of Detectives at all relevant times, "attacked [Plaintiff] repeatedly without reasonable cause with a taser instrument way beyond what was necessary." (Id.). Plaintiff alleges that Defendant Lucky, a Wadesboro Police Department detective at all relevant times, "used excessive force by throwing me to the ground and repeatedly striking me in the back while pounding my face in the concrete. His actions included punching, stomping, and kicking my back, upper, and lower." (Id.).

---

[1] On September 8, 2014, this Court gave Plaintiff twenty days in which to more specifically describe the conduct by the four individual Defendants. Plaintiff filed his response on September 18, 2014.

3

Plaintiff alleges that Defendant McClendon, a Wadesboro Police Department officer, "used excessive force in assisting Lt. Chewning and Detective Lucky, in throwing me to the ground and assisted Det. Lucky in repeatedly striking me in my upper and lower back by punching, stomping, and kicking me." (Id. at 2-3). The Court finds that, as to the individual defendants, Plaintiff's allegations are sufficient to survive initial review on Plaintiff's excessive force claim.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A as to all Defendants except for the Wadesboro Police Department, which is not an entity capable of being sued.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review under § 1915(e) and 28 U.S.C. § 1915A as to all Defendants except the Wadesboro Police Department.

2. The Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and identify the named Defendants in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon the named Defendants.

Signed: October 9, 2014

Robert J. Conrad, Jr.
United States District Judge